UNITED STATES DISTRICT COURT
DISTRICT OF IDAHO

| | |
|---|---|
| PAUL LIETZ,<br><br>　　　　Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA, et al.,<br><br>　　　　Respondents. | Case No.: 1:14-cv-00483-EJL-REB<br><br>**REPORT AND RECOMMENDATION RE: DEFENDANTS' MOTION TO DISMISS**<br><br>**(Docket No. 12)** |

　　　　Now pending before the Court is Defendants' Motion to Dismiss (Docket No. 12). Having carefully considered the record, participated in oral argument, and otherwise being fully advised, the undersigned enters the following Report and Recommendation:

## I. BACKGROUND

　　　　Plaintiff Paul Lietz is a veteran of the Armed Forces, serving in both the United States Marine Corps and United States Army for a combined 23 years of honorable service. At the center of his case is Mr. Lietz's claim to certain benefits/entitlements owing to his status as a veteran, including the reimbursement of specific travel expenses associated with his medical care at VA Medical Centers. (The Department of Veterans Affairs ("VA") has assessed him with a combined disability rating of 100%.) In support of this claim, Mr. Lietz obviously labored at great length to seek to comprehensively catalogue the particular instances in which he claims the VA improperly denied his rights to such benefits/entitlements. His considerable effort, which is commendable, gives a glimpse from a veteran's perspective into what he alleges are systemic problems within the VA, similar to allegations which have been made in other venues, including Congressional hearing rooms. Included in such details and allegations are claims of overarching constitutional and regulatory violations reflected in the ongoing denial of these rights and

**REPORT AND RECOMMENDATION - 1**

benefits – claims which he argues stand apart from Mr. Lietz's claims for actual monetary reimbursement. In this latter regard, he alleges in relevant part:

> There are administrative measures in place to address most issues that would involve only payment or disputes relating to "Reimbursable Travel." However, the [VA] and its employees are willfully, wantonly, knowingly, recklessly, and maliciously ignor[ing] their constitutional duties and obligation wherein they are denying payment or paying incorrect amounts with regards to "Reimbursable Travel" benefits. In addition, they are not comply[ing] with the mandatory requirements of 38 U.S.C. § 111 et seq., 38 C.F.R. § 70 et seq., or VA regulatory policies and procedures, which leave no discretionary judgment or choice and the statutes do not involve the kind of discretion that was designed to be protected. This is further aggravated because these employees are violating their Oath of Office.
>
> . . . .
>
> Each failure on the [VA's] part to not pay or to pay incorrect amounts, together with their failure to give the claimant written notice of the denial, and their failure to advise the Plaintiff of his "reconsideration and appeal rights," all violated Plaintiff's due process rights.

Pl.'s Compl., ¶¶ 11.6, 11.9 (Docket No. 4, Att. 1). Viewed in its entirety, Mr. Lietz's Complaint asserts a multitude of claims (constitutional, statutory, regulatory, and state-based) against the United States of America, the VA, the Board of Veterans Appeals, and four VA employees in both their official and individual capacities.

These Defendants now move to dismiss Mr. Lietz's Complaint and each of his claims against them. Specifically, Defendants argue that this Court lacks subject-matter jurisdiction over claims – like Mr. Lietz's – relating to or affecting veterans' benefits decisions, and, alternatively, that Mr. Lietz's allegations, even if true, fail to state a recoverable claim for relief.

## II.  REPORT

**A.    Legal Standards**

Dismissal of a case filed in federal court is appropriate if the Court lacks subject-matter jurisdiction. *See* Fed. R. Civ. P. 12(b)(1). It is axiomatic that federal courts are of limited

**REPORT AND RECOMMENDATION - 2**

jurisdiction and possess only the power given by the United States Constitution and statute. *See Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377 (1994); *see also Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 374 (1978) ("It is a fundamental precept that federal courts are courts of limited jurisdiction . . . [and] limits upon federal jurisdiction . . . must be neither disregarded nor evaded."). Such authority cannot be expanded by judicial decree. *See Kokkonen*, 511 U.S. at 377. "It is presumed that a cause lies outside this limited jurisdiction and the burden of establishing the contrary rests upon the party asserting jurisdiction." *Id.* (internal citations omitted). That is, this Court cannot hear this matter unless Mr. Lietz satisfies the Court that some basis for jurisdiction exists. "When considering a motion to dismiss for lack of subject-matter jurisdiction, the court presumes the factual allegations of the complaint are true and draws reasonable inferences in favor of the non-moving party." *Whisnaut v. U.S.*, 400 F.3d 1177, 1179 (9th Cir. 2005). This tenet that allegations must be taken as true, however, does not extend to legal conclusions contained in the complaint. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *see also infra*.

Dismissal is also appropriate when a complaint fails to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(6). In reviewing a complaint under Rule 12(b)(6), all allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party. *See Thompson v. Davis*, 295 F.3d 890, 895 (9th Cir. 2002). However, a complaint, or portions thereof, will be dismissed if the "allegations in [the] complaint, however true, could not raise a claim of entitlement to relief." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007). Even though a complaint attacked by an FRCP 12(b)(6) motion to dismiss "does not need detailed factual allegations," it must set forth "more than labels and conclusions, and a

**REPORT AND RECOMMENDATION - 3**

formulaic recitation of the elements of a cause of action will not do." *Id*. at 555. To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Id*. at 570. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *See id*. at 556. The plausibility standard is not akin to a "probability requirement," but asks for more than a sheer possibility that a defendant has acted unlawfully. *Id*. Where a complaint pleads facts that are "merely consistent with" a defendant's liability, it "stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id*. at 557.[1]

## B. This Court Lacks Subject-Matter Jurisdiction Over Mr. Lietz's Claims to Benefit Reimbursements

With respect to Mr. Lietz's allegation that Defendants wrongfully denied his claims for certain veteran benefits, including claims for medically-related travel reimbursements, Defendants argue that this Court lacks subject-matter jurisdiction over veteran benefit disputes under *Veterans for Common Sense v. Shinseki*, 678 F.3d 1013 (9th Cir. 2012) and the Veterans Judicial Review Act ("VJRA"). *See* Mem. in Supp. of MTD, p. 3 (Docket No. 12, Att. 1) ("In *Shinseki*, the [Ninth Circuit] found that the [VJRA] precludes district court jurisdiction over claims relating to veterans' benefits decisions, even if the veteran calls his claim a constitutional

---

[1] The Supreme Court has identified two "working principles" that underlie *Twombly*. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. *See id*. "[FRCP] 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Id*. at 678-79. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id*. at 679. "Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id*.

**REPORT AND RECOMMENDATION - 4**

challenge, and even where he has challenged other wrongful conduct unrelated to the VA's ultimate decision on his claim."). Thus, the threshold jurisdictional question raised by Defendants' at-issue Motion to Dismiss is whether the Ninth Circuit's holding in *Veterans for Common Sense* applies to the claims raised by Mr. Lietz here, such that this Court would not be the proper court to consider Mr. Lietz's case.

      1.      <u>*Veterans for Common Sense* and Subject-Matter Jurisdiction</u>

In *Veterans for Common Sense*, two nonprofit veterans' rights organizations challenged delays in the provision of care and adjudication of claims by the VA and the lack of adequate procedures during the claims process. *See id*. at 1017 ("Such relief is warranted, VCS alleges, because the VA's handling of mental health care and service-related disability claims deprives VCS of property in violation of the Due Process Clause of the Constitution and violates the VA's statutory duty to provide timely medical care and disability benefits."). Before addressing these claims on their individual merits, the Ninth Circuit considered the government's argument that the VJRA deprived the court of subject-matter jurisdiction over these claims. *See id*. at 1019.

In enacting the VJRA, Congress had a primary goal to limit the "judiciary's involvement in technical VA decision-making." *Id*. at 1021 (citation and internal quotation marks omitted). With this in mind, Congress made three changes that affected the courts' ability to hear veterans' appeals: (1) creating the United States Court of Appeals for Veterans Claims to handle all appeals from VA Regional Offices and the Board of Veterans Appeals regarding VA benefit decisions (the "Veterans Court"); (2) requiring all appeals from the Veterans Court to be heard by the Federal Circuit; and (3) limiting judicial review by revising the statute to strip jurisdiction in other federal courts (formerly 38 U.S.C. § 211, now codified at 38 U.S.C. § 511). *See id*. at 1021-22 (internal citations omitted). Relevant here, § 511 provides that "[t]he Secretary shall

**REPORT AND RECOMMENDATION - 5**

decide all questions of law and fact necessary to a decision by the Secretary under a law that affects the provision of benefits by the Secretary to veterans or the dependents or survivors of veterans." *Id*. at 1022 (quoting 38 U.S.C. § 511(a)).[2]

Against this statutory backdrop, the Ninth Circuit considered whether the district court had subject-matter jurisdiction to review claims brought by veterans' rights groups (including claims of violations of constitutional rights) challenging wait times for mental health care, adjudication of disability benefits, and the structure of regional claim procedures. Ultimately, after reviewing the historical judicial construction of § 511, the Ninth Circuit held that it only had jurisdiction over the latter claims, dismissing the former claims for lack of subject-mater jurisdiction. *See id*. at 1023-35; *see also infra*.

In reaching these conclusions, the Circuit set out a general standard for determining whether a district court has subject-matter jurisdiction over a particular veteran's claim:

> [W]e conclude that § 511 precludes jurisdiction over a claim if it requires the district court to review VA decisions that relate to benefits decisions, including any decision made by the Secretary in the course of making benefits determinations. This standard is consistent with Congress's intention to broaden the scope of the judicial preclusion provision, and is reflected in § 511(a)'s plain statement that we may not review a "decision by the Secretary under a law that affects the provision of [veterans'] benefits." This preclusion extends not only to cases where adjudicating veterans' claims requires the district court to determine whether the VA acted properly in handling a veteran's request for benefits, but also to those decisions that may affect such cases. If that test is met, then the district court must cede any claim to jurisdiction over the case, and parties must seek a forum in the Veterans Court and the Federal Circuit.

*Id*. at 1026 (internal citations omitted). In other words, "if reviewing [a plaintiff's] claims would require review of the circumstances of individual benefits requests, jurisdiction is lacking."

---

[2] The court went on to point out that, "[w]hereas § 211(a) prohibited review of 'decisions . . . under any law . . . providing benefits for veterans,'" § 511(a) prohibits review of 'all questions of law and fact *necessary to a decision . . . that affects the provision of benefits*.'" *Veterans for Common Sense*, 678 F.3d at 1022 (internal citations omitted) (emphasis added). With this twist in verbiage, "Congress intended to 'broaden the scope of section 211' and limit outside 'court intervention' in the VA decision-making process." *Id*. (citations omitted).

**REPORT AND RECOMMENDATION - 6**

*Recinto v. U.S. Dept. of Veterans Affairs*, 706 F.3d 1171, 1175 (9th Cir. 2013) (citing *Veterans for Common Sense*, 678 F.3d at 1034).

Moreover, the Ninth Circuit went on to reject appeals of denials of benefits that plaintiffs might fashion to appear as constitutional claims as an end run around the jurisdictional fence. *See Veterans for Common Sense*, 678 F.3d at 1023, 1031 ("In general, review of decisions made in the context of an individual veteran's VA benefits proceedings are beyond the jurisdiction of federal courts outside the review scheme established by the VJRA. This is true even if the veteran dresses his claim as a constitutional challenge. . . . .[T]he fact that VCS drapes its claims in constitutional terms is not itself sufficient to confer jurisdiction on us. Numerous courts have recognized that § 511 broadly divests district courts of jurisdiction over constitutional claims related to benefits even where those claims concern agency procedures and do not challenge specific VA benefits determinations.") (citations omitted).[3]

Applying these standards, the Ninth Circuit explained that "[u]nder the VA's regulations, 'benefit' is defined as 'any payment, service, . . . or status, entitlement to which is determined

---

[3] On this point, the Ninth Circuit clarified that nothing in the VJRA forecloses judicial review of constitutional questions. Instead, "when Congress created the Veterans Court, it expressly empowered that court to 'decide all relevant questions of law, interpret *constitutional*, statutory, and regulatory provisions, and determine the meaning or applicability of the terms of an action of the Secretary.'" *Veterans for Common Sense*, 678 F.3d at 1031 (quoting 38 U.S.C. § 7261(a)(1)) (emphasis in original). This included the Veterans Court's authority to not only adjudicate veterans' constitutional claims that benefits have been unlawfully withheld or unreasonably delayed, but also issue extraordinary writs pursuant to the All Writs Act. *See id*. at 1032. And, beyond the Veterans Court (an Article I court), an Article III court – the Court of Appeals for the Federal Circuit – can the review such claims. *See id*. ("In tandem, the availability of review by both the Veterans Court and the Federal Circuit evinces Congress's intent to protect the federal courts and the VA from time-consuming veterans' benefits litigation, while providing a specialized forum wherein complex decisions about such benefits can be made. Congress has fully answered the Supreme Court's 'serious question' concerning the constitutional of § 511's limitation on our jurisdiction.").

**REPORT AND RECOMMENDATION - 7**

under laws administered by the Department of Veterans Affairs pertaining to veterans and their dependents and survivors.'" *Id*. at 1026 (quoting 38 C.F.R. § 20.3(e)).  And, as to the veterans' rights groups' substantive claims, the Ninth Circuit determined in no uncertain terms that the VJRA and § 511 applied to divest federal district courts of jurisdiction to consider a veteran's claim of unreasonable delays in health care and disability compensation (both of which are "clearly benefits"), offering up the following explanation for each:

> In sum, there is no way for the district court to resolve whether the VA acted in a timely and effective manner in regard to the provision of mental health care without evaluating the circumstances of individual veterans and their requests for treatment, and determining whether the VA handled those requests properly.  We therefore lack jurisdiction to consider VCS's various claims for relief related to the VA's provision of mental health care, including its challenge to the lack of procedures by which veterans may appeal the VA's administrative scheduling decisions.
>
> . . . .
>
> In sum, Congress may have foreclosed *our* review of the VA's decisions related to claims adjudication, but it has not foreclosed federal judicial review *in toto*. Whatever "serious questions," might arise if Congress were to preclude all review of constitutional challenges, there can be no question that Congress may eliminate our jurisdiction to review the VA's decisions, while preserving such review elsewhere.  As the Supreme Court stated in *Locerty v. Phillips*, "[t]he Congressional power to ordain and establish inferior courts includes the power 'of investing them with jurisdiction either limited, concurrent, or exclusive, and of withholding jurisdiction from them in the exact degrees and character which to Congress may seem proper for the public good.'"  We lack jurisdiction over VCS's claims challenging delays in the VA's adjudication of service-related disability benefits.

*See id*. at 1026-32 (internal citations omitted) (emphasis in original).

    2.    <u>*Veterans for Common Sense* Divests This Court of Subject-Matter Jurisdiction Over Mr. Lietz's Claims Relating to Benefits and/or Reimbursements</u>

Mr. Lietz's Complaint reflects a veteran immensely frustrated over what he strongly contends has been inadequate processing of his claims to certain benefits and/or reimbursements

**REPORT AND RECOMMENDATION - 8**

– *e.g.*, that they are not only being improperly denied, but also are not being properly reviewed in accordance with agency regulations by the individuals assigned those same responsibilities. Whether such claims call for a certain benefit determination that differs from one already rendered, or an order from this Court that a lower tribunal fulfill their official duties or correct an abuse of discretion (i.e., a writ of mandamus) – or both – is not immediately clear from the pleadings. Regardless, the holding of *Veterans for Common Sense* commands that such claims fall squarely within the *exclusive* domain of the Veterans Court. *See supra*.

Most significantly, Mr. Lietz claims that he was wrongly denied benefits, including expense reimbursements. The Ninth Circuit in *Veterans for Common Sense* specifically found that federal district courts do not have subject-matter jurisdiction over these types of claims:

> [T]he VJRA supplies two independent means by which we are disqualified from hearing veterans' suits concerning their benefits. First, Congress has expressly disqualified us from hearing cases related to VA benefits in § 511(a) ("may not be reviewed by any . . . court"), and second, Congress has conferred exclusive jurisdiction over such claims to the Veterans Court and the Federal Circuit.

*Veterans for Common Sense*, 678 F.3d at 1022-23 (quoting and citing 38 U.S.C. §§ 511(b)(4), 7252(a), 7292(c)); *see also Johnson v. United States*, 2013 WL 6502818, at *8-9 (N.D. Cal. 2013).[4] To hold otherwise "would embroil the district court in the day-to-day operation of the VA and, of necessity, require the district court to monitor individual benefits determinations."

---

[4] This is also the case when viewing Mr. Lietz's claims as a systemic challenge rather than as a challenge to a group of individual VA decisions. *See Recinto*, 706 F.3d at 1175-76 ("[A]ddressing the constitutionality of the VA's exclusive reliance on NPRC records to verify military service would necessarily require consideration of individual cases. To determine whether the VA policy unfairly deprives veterans of a protected property interest, we would have to inquire into the circumstances of a least a representative sample of those veterans who were denied FVEC benefits based on the NPRC's inability to verify their service for the purpose of determining whether members of that sample could sufficiently prove their military service without NPRC verification. Our interpretation of the VJRA in *Veterans for Common Sense* forecloses this type of inquiry.") (internal citations omitted).

**REPORT AND RECOMMENDATION - 9**

*Veterans for Common Sense*, 678 F.3d at 1028.  Therefore, owing to the absence of subject-matter jurisdiction, it is recommended that Defendants' Motion to Dismiss be granted as to Mr. Lietz's claims relating to benefits and/or reimbursements.

**C.    Mr. Lietz's Claims Do Not Represent Facial Constitutional Challenges to the VJRA and/or its Review Protocol; Accordingly, *Veterans for Common Sense's* Narrow Exception is Inapplicable**

Although finding no subject-matter jurisdiction over mental health care claims and disability benefits determinations (*see supra*), the Ninth Circuit in *Veterans for Common Sense* left open the question of whether the Veterans Court (and, by extension, the Court of Appeals for the Federal Circuit) had exclusive jurisdiction to review facial constitutional challenges by individual plaintiffs.  *See id*. at 1033-34 (veterans rights groups asserted separate facial challenge to constitutionality of VJRA based not on any average delays experienced by veterans, but on absence in statute of certain procedures allegedly necessary to safeguard veterans' rights).  On this rather nuanced point, the Ninth Circuit instructed:

> Ultimately, we need not decide whether an individual seeking benefits would be barred by § 511 from bringing a facial constitutional challenge in the district court. The immediate question before us is whether VCS's challenge to the VJRA is similar to its claims challenging the conduct of the VHA and the delays in adjudication of service-related disability claims, which we have already concluded would require review of the circumstances of individual requests by veterans.  *Unlike those previous claims, reviewing the VA's procedures for filing and handling benefits claims at the Regional Offices does not require us to review "decisions" affecting the provision of benefits to any individual claimants*.  Indeed, VCS does not challenge decisions at all.  *A consideration of the constitutionality of the procedures in place, which frame the system by which a veteran presents his claims to the VA, is different than a consideration of the decisions that emanate through the course of the presentation of those claims.  In this respect, VCS does not ask us to review the decisions of the VA in the cases of individual veterans, but to consider, in the "generality of cases," the risk of erroneous deprivation inherent in the existing procedures compared to the probable value of the additional procedures requested by VCS.  Evaluating under the Due Process Clause the need for subpoena power, the*

**REPORT AND RECOMMENDATION - 10**

> *ability to obtain discovery, or any of the other procedures VCS requests is sufficiently independent of any VA decision as to an individual veteran's claim for benefits that § 511 does not bar our jurisdiction.*

*Id*. at 1034 (internal citations omitted) (emphasis added); *see also id*. at 1035 (providing additional basis for jurisdiction in district courts on facial constitutional challenges because "VJRA does not provide a mechanism by which the organizational plaintiffs here might challenge the absence of system-wide procedures, which they contend are necessary to afford due process.").[5]

As indicated above, the Ninth Circuit held that it *had* subject-matter jurisdiction over the veterans' rights organizations claims challenging the absence of system-wide procedures allegedly necessary for due process – such a claim did not require the review of decisions impacting an individual veteran benefits, and was the only judicial forum where relief could be granted. Satisfied of its jurisdiction on this claim alone, the Ninth Circuit nonetheless agreed

---

[5] Interestingly, the Ninth Circuit appeared to then draw a possible distinction between an individual veteran bringing a facial constitutional challenge (like Mr. Lietz here), rather than a veterans' rights organization (like the plaintiffs in *Veterans for Common Sense*), stating:

> This case does not involve individual veterans seeking to challenge the lack of procedures in place at VA Regional Offices, but rather organizations representing their members claiming a system-wide risk of erroneous deprivation. *See Dacoran [v. Brown]*, 4 Vet. App. [115,] [ ] 119 (noting that constitutional challenges could be "presented to this Court only in the context of a proper and timely appeal taken from such decision made by the VA Secretary through the [Board]"). In other words, because VCS cannot bring its suit in the Veterans Court, that court cannot claim exclusive jurisdiction over the suit. Because VCS would be unable to assert its claim in the review scheme established by the VJRA, that scheme does not operate to divest us of jurisdiction.

*Veterans for Common Sense*, 678 F.3d at 1035 (internal citations omitted). Any question injected into this case by such language, however, need not be addressed here when considering, ultimately, that *Veterans for Common Sense's* exception for facial constitutional challenges does not apply in this instance in any event. *See infra*.

**REPORT AND RECOMMENDATION - 11**

with the district court, finding that the "non-adversarial procedures at the Regional Office level are sufficient to satisfy due process," reasoning:

> Subpoena power, discovery, pre-decision hearings, and the presence of paid attorneys would transform the VA's system of benefits administration into an adversarial system that would tend to reflect the rigorous system of civil litigation that Congress quite plainly intended to preclude. The choice between a vigorously adversarial system and a less adversarial one reflects serious policy considerations and is a permissible one. Congress must be afforded "considerable leeway to formulate" additional processes and procedures to cure deficiencies in the VA's administration of benefits "without being forced to conform to a rigid constitutional code of procedural necessities." Because VCS cannot overcome the paramount interest Congress has in preserving a non-adversarial system of veterans' benefits administration, we affirm the district court's ruling.

*Id*. at 1035-36 (internal citations omitted).

Here, even when liberally construing Mr. Lietz's allegations, they do not amount to a facial constitutional challenge to the structure which undergirds the veterans benefits statutes, procedures, or regulations. A review of Mr. Lietz's Complaint reveals that it is dominated by instances in which he claims his rights to benefits were improperly considered and decided. *See generally* Pl.'s Compl. (Docket Nos. 4 & 4, Att. 1). And, to the extent his allegations speak to a more institutional problem within the VA (above and beyond his discrete claim to benefits), they necessarily still require this Court to review decisions affecting veteran benefits, including individualized monetary amounts. As carefully set forth in *Veterans for Common Sense*, such claims fall within the VJRA's and § 511's orbit. They do not represent an excepted facial constitutional challenge that furnishes the requisite subject-matter jurisdiction here. As such, this Court "must cede any claim to jurisdiction over the case, and [plaintiff] must seek a forum in the Veterans Court and the Federal Circuit." *Veterans for Common Sense*, 678 F.3d at 1025. Given the absence of subject-matter jurisdiction, it is recommended that Defendants' Motion to

Dismiss be granted as to Mr. Lietz's claims related to institutional issues affecting adjudication of veterans' benefits claims.[6]

### III. RECOMMENDATION

Countless news reports portray the difficulties the VA experiences in adequately meeting the responsibilities to this nation's veterans; alas, Mr. Lietz describes some of those through this action. And while nothing within this Report and Recommendation should suggest that the undersigned condones any such shortcomings or concludes one way or the other as to the merits of Mr. Lietz's particular claims, the fact remains that this Court does not have the subject-matter jurisdiction to consider and comment upon these alleged affronts. As the Ninth Circuit concluded in *Veterans for Common Sense*:

> VCS's complaint sounds a plaintive cry for help, but it has been misdirected to us. As much as we may wish for expeditious improvement in the way the VA handles mental health care and service-related disability compensation, we cannot exceed our jurisdiction to accomplish it. The Constitution "protects us from our own best intentions" by "divid[ing] power among sovereigns and among branches of government precisely so that we may resist the temptation to concentrate power in one location as an expedient solution to the crises of the day." There can be no doubt that securing exemplary care for our nation's veterans is a moral imperative. But congress and the President are in far better position "to care for him who shall have borne the battle, and for his widow and his orphan." We would work counter to the political branches' own efforts by undertaking the type of institutional reform that VCS requests. Such responsibilities are left to Congress and the Executive, and to those specific federal courts charged with reviewing their actions; that is the overriding message of the VJRA, and it is one that we must respect here.

*Veterans for Common Sense*, 678 F.3d at 1036-37 (internal citations omitted). This rationale applies equally here. Simply put, Congress intended to channel judicial review of the claims

---

[6] Because this Court does not have subject-matter jurisdiction over Mr. Lietz's claims, Defendants' alternate basis for dismissing his claims need not be addressed here. In the event U.S. District Judge Edward J. Lodge disagrees after reviewing this Report and Recommendation *de novo* (*see* Fed. R. Civ. P. 72(b)(3)), Defendants are free to renew these objections at a later time.

**REPORT AND RECOMMENDATION - 13**

raised here to the Veterans Court and the Court of Appeals for the Federal Circuit, not this Court. Absent the requisite subject-matter jurisdiction over Mr. Lietz's claims to begin with, a substantive and comprehensive review of those claims simply cannot take place here.

The Court considered the possibility of, but is unable to locate any legal authority to permit, transfer of this case to either the Veterans Court or the Court of Appeals for the Federal Circuit, pursuant to 28 U.S.C. § 1404(a). Perhaps this is because neither court is considered to be a "district or division" to which venue can be transferred under that statute. *Cf. Connell v. KLN Steel Products Co., Ltd.*, 2007 WL 3396448, at *2 (Fed. Cir. 2007) (Court of Federal Claims is not "district or division" under 28 U.S.C. § 1404(a)). Even so, 28 U.S.C. § 1631 provides that:

> whenever a civil action is filed in a court as defined in section 610 of this title . . . and that court finds that there is want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

28 U.S.C. § 1631. Additionally, section 610 of Title 28 defines "courts" to include, among others, the courts of appeals and district courts of the United States. *See* 28 U.S.C. § 610. The procedural state of Mr. Lietz's claims is not easily discernable – that is, whether some (or all) of his claims should be brought in either the Veterans Court, the Federal Circuit, or some combination of both is not immediately clear. This is important because, under 28 U.S.C. § 1631, a transfer to the Federal Circuit, but not the Veterans Court, might be warranted (the Veterans Court is not listed in the definition of "courts"). *See Felder v. Shinseki*, 401 Fed. Appx. 551 (Fed. Cir. 2010) ("[W]e cannot transfer this appeal to the Court of Appeals for Veterans

**REPORT AND RECOMMENDATION - 14**

Claims pursuant to 28 U.S.C. § 1631 because it is not a court as defined by 28 U.S.C. § 610 . . . ."). Therefore, it is advised that, as part of each party's briefing, if any, to Judge Lodge in relation to any anticipated objection to this Report and Recommendation (*see infra*), the parties discuss whether 28 U.S.C. § 1631 applies to Mr. Lietz's claims and, if so, the extent to which the action should be transferred accordingly. The contours of this action are simply too undefined for this Court to do so at this time.

There is, however, a palpable irony if a veteran filing a *pro se* action in a federal court closest to him or her, premised in part upon the economic hardship allegedly caused by a mishandling of his or her benefits, is required to pay yet another substantial court filing fee in order to pursue his or her claims in a different federal court, at a considerable distance away.

For the foregoing reasons, IT IS HEREBY RECOMMENDED that Defendants' Motion to Dismiss (Docket No. 12) be GRANTED.

Pursuant to District of Idaho Local Civil Rule 72.1(b)(2), a party objecting to a Magistrate Judge's recommended disposition "must serve and file specific, written objections, not to exceed twenty pages . . . within fourteen (14) days. . ., unless the magistrate or district judge sets a different time period." Additionally, the other party "may serve and file a response, not to exceed ten pages, to another party's objections within fourteen (14) days after being served with a copy thereof."

DATED:  **February 15, 2016**

_____
Honorable Ronald E. Bush
Chief U. S. Magistrate Judge

**REPORT AND RECOMMENDATION - 15**