UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| PAUL LIETZ, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:14-cv-00483-EJL-REB |
| ) | |
| vs. ) | ORDER |
| ) | |
| UNITED STATES OF AMERICA, et al, ) | |
| ) | |
| Defendants. ) | |
| ) | |

## INTRODUCTION

On February 15, 2016, Chief United States Magistrate Judge Ronald E. Bush issued a Report and Recommendation ("Report"), recommending that the Defendants' Motion to dismiss be granted. (Dkt. 18.) Any party may challenge a magistrate judge's proposed recommendation by filing written objections to the Report within fourteen days after being served with a copy of the same. *See* 28 U.S.C. § 636(b)(1); Local Civil Rule 72.1(b). The district court must then "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *Id.* The district court may accept, reject, or modify in whole or in part, the findings and recommendations made by the magistrate judge. *Id.*; *see also* Fed. R. Civ. P. 72(b). No written objections have been filed and the time for doing so has passed. The matter is ripe for the Court's consideration. *See* Local Civil Rule 72.1(b)(2); 28 U.S.C. § 636(b)(1)(B).

## STANDARD OF REVIEW

ORDER - Page 1

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." Where the parties object to a report and recommendation, this Court "shall make a de novo determination of those portions of the report which objection is made." *Id.* Where, however, no objections are filed the district court need not conduct a *de novo* review. In *United States v. Reyna-Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003), the court interpreted the requirements of 28 U.S.C. § 636(b)(1)(C):

> The statute [28 U.S.C. § 636(b)(1)(C)] makes it clear that the district judge must review the magistrate judge's findings and recommendations de novo if objection is made, but not otherwise. As the *Peretz* Court instructed, "to the extent de novo review is required to satisfy Article III concerns, it need not be exercised unless requested by the parties." *Peretz*, 501 U.S. at 939 (internal citation omitted). Neither the Constitution nor the statute requires a district judge to review, de novo, findings and recommendations that the parties themselves accept as correct. *See Ciapponi*, 77 F.3d at 1251 ("Absent an objection or request for review by the defendant, the district court was not required to engage in any more formal review of the plea proceeding."); *see also Peretz*, 501 U.S. at 937-39 (clarifying that de novo review not required for Article III purposes unless requested by the parties) . . . .

*See also Wang v. Masaitis*, 416 F.3d 993, 1000 & n.13 (9th Cir. 2005). Furthermore, to the extent that no objections are made, arguments to the contrary are waived. *See* Fed. R. Civ. P. 72; 28 U.S.C. § 636(b)(1) (objections are waived if they are not filed within fourteen days of service of the Report and Recommendation). "When no timely objection is filed, the Court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Advisory Committee Notes to Fed. R. Civ. P. 72 (citing *Campbell v. United States Dist. Court*, 501 F.2d 196, 206 (9th Cir.1974)).

ORDER - Page 2

This Court has reviewed the entire Report as well as the full record in this matter for clear error on the face of the record and none has been found.

## DISCUSSION

The complete procedural background and facts of this case are well articulated in the Report and the Court incorporates the same in this Order. (Dkt. 18.) Plaintiff, Paul Lietz, initiated this action alleging constitutional, statutory, regulatory, and state-law based claims against the Defendants relating to their denial and improper determinations of his claims for veteran benefits, entitlements, and/or reimbursements. (Dkt. 4.) Defendants filed the instant Motion to Dismiss for lack of subject matter jurisdiction and failure to state a claim. (Dkt. 12.) Chief Magistrate Judge Bush held a hearing on the Motion and, thereafter, issued the Report which concludes that this Court lacks subject-matter jurisdiction over Mr. Lietz's claims and, therefore, recommends granting the Defendants' Motion to Dismiss. (Dkt. 17, 18.)

This Court has reviewed the original briefing of the parties, the Report, and the entire record herein. In doing so, the Court is mindful that the Plaintiff is a *pro se* litigant and, as such, the filings and motions are construed liberally. *See Thomas v. Ponder*, 611 F.3d 1144, 1150 (9th Cir. 2010). That being said, while *pro se* litigants are held to less stringent standards, a litigant's *pro se* status does not excuse him or her from complying with the procedural or substantive rules of the court. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Jackson v. Carey*, 353 F.3d 750, 757 (9th Cir. 2003). As the Ninth Circuit has held "an ordinary pro se litigant, like other litigants, must comply strictly with the summary

ORDER - Page 3

judgment rules." *Thomas*, 611 F.3d at 1150 (citing *Bias v. Moynihan*, 508 F.3d 1212, 1219 (9th Cir. 2007)).

Applying these principles here, this Court is in agreement with the Report's reasoning and conclusion that the Court lacks subject matter jurisdiction over Mr. Lietz's claims. (Dkt. 18.) Moreover, the Court is in agreement with the Report's recitation of the facts, discussion of the applicable law, and analysis. This Court is simply not the correct forum for Mr. Lietz's claims. *See Veterans for Common Sense v. Shinseki*, 678 F.3d 1013, 1026 (9th Cir. 2012). For the reasons stated in the Report and herein, the Court adopts the Report and will grant the Motion to Dismiss.

## ORDER

**NOW THEREFORE IT IS HEREBY ORDERED** that the Report and Recommendation entered on February 15, 2016 (Dkt. 18) is **ADOPTED IN ITS ENTIRETY.** The Defendant's Motion to Dismiss (Dkt. 12) is **GRANTED**.

DATED: **March 8, 2016**

Honorable Edward J. Lodge
U. S. District Judge